IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WILLIAM BIGGS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 6:22-cv-01209-ADA-DTG |
| § | |
| BUREAU OF ALCOHOL, § | |
| TOBACCO, FIREARMS AND § | |
| EXPLOSIVES, § | |
| § | |
| Defendant. § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW Plaintiff, by and through his counsel of record, and for his First Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(2), and with Defendant's consent. In support thereof, Plaintiff states as follows.

### PARTIES

1. Plaintiff is an individual residing in the Western District of Texas at 211 Runway Lane, Temple, Texas 76504.

2. Defendant is the agency responsible for enforcing firearm registration for the United States of America. Defendant can be served through their attorney of record, Landon Wade via e-service.

### JURISDICTION AND VENUE

3. Pursuant to U.S.C. 28 § 1331, this Court has jurisdiction as this claim arises from the Constitution of the United States of America.

4. Further, Pursuant to 28 U.S.C. § 1391(e)(1)(B), venue is proper in this Court as the events giving rise to the suit occurred in the Western District of Texas and the property subject to this suit, a M14NM ("the Rifle") was situated in the Western District.

## FACTS

5. Plaintiff's father received the Rifle from the Army in the late 1960's or 1970's pursuant to AR920-25.

6. This item is considered among the most prized possessions of Plaintiff's, and not for market value, but for sentimental value.

7. When Plaintiff's father received the Rifle, there were no requirements to register it.

8. Plaintiff's father then gave the Rifle to Plaintiff's brother, who gave it to Plaintiff.

9. At all relevant times, Plaintiff has been licensed by Defendant to manufacture machine-guns and holds an 0-7 license with Defendant.

10. When Plaintiff came into possession of the Rifle, he notified Damon Wright, employee of the Defendant regarding the possession of the Rifle and its legality.

11. Mr. Wright responded to Plaintiff that the Rifle was contraband under 18 U.S.C. 922(o).

12. Plaintiff attempted to register the Firearm with Defendant, who initially approved the registration.

13. the Rifle was confiscated on September 9, 2021, with no notice or opportunity for a hearing.

14. On September 15, 2021, the Rifle was approved for registration.

15. After Mr. Wright was informed of the approved registration, the registration was then disapproved.

16. After unsuccessfully attempting to regain possession of the Rifle, Plaintiff filed this suit on November 21, 2022.

## CAUSES OF ACTION

## COUNT 1. VIOLATION OF THE FEDERAL DUE PROCESS CLAUSE

17. The allegations set forth above in Paragraphs 1 through 16, inclusive, are incorporated into this cause of action by reference as if set forth in full.

18. At all relevant times, Plaintiff has been the owner of the Rifle, which was initially validly registered with Defendant.

19. Plaintiff filed his application to register the Rifle with Defendant on September 9, 2021. Said application was granted on September 15, 2021.

20. On September 9, 2021, Defendant confiscated the Rifle from Plaintiff's possession.

21. Prior to the Rifle being confiscated by Defendant, Plaintiff was given no notice or hearing, and no opportunity to contest the seizure of his Rifle.

22. Before and at the time Defendant seized the Rifle, Plaintiff requested an opportunity to prove to defendants that ownership of the Rifle was legal, but Defendant confiscated it without providing Plaintiff a hearing.

23. At the time the Rifle was seized by Defendant, Plaintiff's registration application was pending with Defendant.

24. By seizing the Rifle without first providing Plaintiff an opportunity to be heard, Defendant deprived Plaintiff of his property without due process of law, in violation of the Fourteenth Amendment to the United States Constitution.

### Count 2: Violation of Texas Due Process Clause

25. The allegations set forth above in Paragraphs 1 through 24, inclusive, are incorporated into this cause of action by reference as if set forth in full.

26. By seizing the Rifle without first providing an opportunity to be heard on the legality of the Rifle, Defendant deprived Plaintiff of his property without due process of law, in violation of Article1, Sections 17 and 19 of the Texas Constitution.

27. WHEREFORE, Plaintiff requests the relief set forth below.

### CONCLUSION

WHEREFORE, premises considered, Plaintiff prays this Court order the return of the Rifle to Plaintiff, grant Plaintiff compensatory damages for the unconstitutional taking and grant him an award of attorney's fees, along with any other relief the Court deems equitable and just.

Respectfully submitted,

/s/ Blake Sawyer
**Griffith "Hunter" Thomas II**
State Bar No. 24099403
**Blake Sawyer**
Texas State Bar No. 24113409
Thomas Law Firm, PLLC
12912 Hill Country Blvd Ste F-233
Austin, Texas 78738
Telephone: (512) 499-4096
Fax: (512)713-0680
*hunter@thomaslawtx.com*
*blake@thomaslawtx.com*
**ATTORNEYS FOR PLAINTIFF
WILLIAM E. BIGGS**

## CERTIFICATE OF SERVICE

I certify that on July 21, 2023 a true and correct copy of Plaintiff's First Amended Complaint was served on the following counsel of record through electronic service:

Landon Wade
Assistant United States Attorney
Texas State Bar No. 24098560
United States Attorney's Office
903 San Jacinto Blvd., Suite 334
Austin, Texas 78701
Tel: 512-916-5858
Fax: 512-916-5854
*landon.wade@usdoj.gov*

/s Blake Sawyer
Blake Sawyer