IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| WILLIAM BIGGS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:22-cv-01209-ADA-DTG |
| | § | |
| BUREAU OF ALCOHOL, | § | |
| TOBACCO, FIREARMS AND | § | |
| EXPLOSIVES, ET AL., | § | |
| | § | |
| Defendants. | | |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendants Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") and ATF Director Steven M. Dettelbach file this Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1).

**Introduction**

Plaintiff brings two claims in his Amended Complaint: a due-process claim predicated on an alleged violation of the Fourteenth Amendment; and a due-process claim predicated on an alleged violation of the Texas Constitution. *See* ECF No. 39 ¶¶ 24, 26. Neither the Fourteenth Amendment nor the Texas Constitution, however, waive the federal government's sovereign immunity. In fact, the Fourteenth Amendment does not apply to the federal government at all. Because Plaintiff's claims are barred by sovereign immunity, they should be dismissed for lack of jurisdiction.

**Plaintiff's Allegations**

Plaintiff alleges his "Rifle" was confiscated by the ATF on September 9, 2021, after it was determined to be contraband under 18 U.S.C. § 922(o). ECF No. 39 ¶¶ 11, 13. Subsequently, on

1

September 15, 2021, Plaintiff claims the Rifle was approved for registration after he attempted to register it with ATF. *Id.* ¶¶ 12, 14. Plaintiff alleges the Rifle was then disapproved for registration. *Id.* ¶ 15. He claims he was unsuccessful in attempting to regain possession of the Rifle, though he does not explain what steps he took to get the Rifle back. *Id.* ¶ 16.

Prior to the seizure of the Rifle, Plaintiff claims he was "given no notice or hearing, and no opportunity to contest the seizure of the Rifle." *Id.* ¶ 21. He alleges this "deprived [him] of his property without due process of law, in violation of the Fourteenth Amendment to the United States Constitution." *Id.* ¶ 24. For the same reasons, Plaintiff further alleges that ATF violated his due process rights under the Texas Constitution. *Id.* ¶ 26. Plaintiff asks the Court to order Defendant to return the Rifle to him. *Id.* at 4. He also seeks compensatory damages and attorney's fees. *Id.*

## **Legal Standard**

Federal courts are courts of limited jurisdiction and lack the power to adjudicate claims absent jurisdiction conferred by the Constitution or a statute. *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). "[T]here is a presumption against subject matter jurisdiction." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). The plaintiff bears the burden of demonstrating jurisdiction in Federal court. *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 534, 537 (5th Cir. 2017). Parties cannot waive jurisdiction. *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir. 1995); Fed. R. Civ. P. 12(h)(3). "Under Rule 12(b)(1), a claim is 'properly dismissed for lack of subject matter jurisdiction when the court lacks statutory or constitutional power to adjudicate' the claim." *In re FEMA Trailer Formaldehyde Prod. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012) (quoting *Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

**<u>Argument</u>**

There has been no waiver of sovereign immunity for the claims Plaintiff brings in this case. Plaintiff's claims should therefore be dismissed for lack of subject matter jurisdiction.[1]

Absent a waiver, sovereign immunity protects the federal government and its agencies, such as ATF, from suit. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). It also protects federal employees sued in their official capacity. *See Lewis v. Clarke*, 137 S. Ct. 1285, 1291–92 (2017). The plaintiff has the burden to "affirmatively and distinctly plead jurisdiction in a federal court" and establish that the United States has waived its sovereign immunity. *Ezell v. Dep't of the Army*, No. 5:16-CV-938, 2017 WL 2671091, at *2 (W.D. Tex. Jun. 20, 2017). "Sovereign immunity is jurisdictional in nature. Indeed, the 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Meyer*, 510 U.S. at 475 (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). Thus, "[a] waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996).

Here, Plaintiff has not identified *any* statutory text in which Congress has unequivocally waived sovereign immunity and authorized a cause of action predicated on a violation of the due process provisions contained in the Fourteenth Amendment to the United States Constitution or the Texas Constitution. The text of the Fourteenth Amendment provides no waiver of sovereign

---

[1] Even if Plaintiff's suit were not clearly barred by sovereign immunity, his claims would also be subject to dismissal for failure to state a due process claim. Plaintiff's conclusory allegations that he was provided no notice or hearing on the seizure of his firearm are belied by what actually happened. As explained in Defendants' initial motion to dismiss (ECF No. 15), Plaintiff was given notice of the forfeiture proceedings and provided the opportunity to file a claim to contest the seizure of his firearm. *See* ECF Nos. 15-1, 15-2, 15-3. He elected not to do so. Plaintiff makes no attempt to explain how this process, provided in accordance with 19 U.S.C. §§ 1602-1621, is constitutionally defective.

immunity. *See* U.S. Const. amend. XIV. Nor does the Fourteenth Amendment even apply to the federal government at all; it applies only to the states. *See Dry v. United States*, 235 F.3d 1249, 1255 (10th Cir. 2000); *see also McGuire v. Turnbo*, 137 F.3d 321, 323 (5th Cir. 1998) (dismissing claim against federal official because Fourteenth Amendment requires state action); *Boyd v. United States*, 861 F.2d 106, 107–08 (5th Cir. 1988) (affirming dismissal "because the Fourteenth Amendment applies to the states, not to the federal government").[2] Moreover, by its very nature, the Texas Constitution cannot provide a waiver of immunity, as any such waiver must be provided by Congress. *See Myart v. Obama*, No. 5:16-CV-1225-DAE, 2017 WL 11699096, at *4 (W.D. Tex. Dec. 4, 2017) (explaining that the Texas Constitution does not waive the federal government's sovereign immunity); *Wagstaff v. U.S. Dep't of Educ.*, 509 F.3d 661, 664 (5th Cir. 2007) (finding that only Congress can waive the federal government's sovereign immunity).

## Conclusion

Because Congress has not provided a waiver of sovereign immunity for the claims Plaintiff brings in this case, Plaintiff's suit is barred by sovereign immunity. Accordingly, the Court should dismiss Plaintiff's claims for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). *See* Fed. R. Civ. P. 12(b)(1).

---

[2] Even if Plaintiff had alleged a due process claim under the Fifth Amendment—which does apply to the federal government—the Fifth Amendment does not waive the federal government's sovereign immunity either. *See Meyer*, 510 U.S. at 476–78; *Garcia v. U.S.*, 666 F.2d 960, 966 (5th Cir. 1982).

Dated: August 4, 2023	Respectfully submitted,

**Jaime Esparza**
United States Attorney

By:	*/s/ Landon A. Wade*
**Landon A. Wade**
Assistant United States Attorney
Texas State Bar No. 24098560
U.S. Attorney's Office
903 San Jacinto Blvd., Suite 334
Austin, Texas 78701
(512) [office number] (phone)
(512) 916-5854 (fax)
landon.wade@usdoj.gov

*Attorney for Defendants*