# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| WILLIAM BIGGS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 6:22-cv-01209-ADA-DTG |
| § | |
| BUREAU OF ALCOHOL, § | |
| TOBACCO, FIREARMS AND § | |
| EXPLOSIVES, § | |
| § | |
| Defendant. § | |

## PLAINTIFF'S SECOND AMENDED COMPLAINT

COMES NOW Plaintiff, by and through his counsel of record, pursuant to the Court's Order dated October 11, 2023 [Doc. 46] files his Second Amended Complaint. In support thereof, Plaintiff states as follows.

## PARTIES

1. Plaintiff is an individual residing in the Western District of Texas at 211 Runway Lane, Temple, Texas 76504.

2. Defendant is the agency responsible for enforcing firearm registration for the United States of America. Defendant can be served through their attorney of record, Landon Wade, via e-service.

## JURISDICTION AND VENUE

3. Pursuant to U.S.C. 28 § 1331, this Court has jurisdiction as this claim arises from the Constitution of the United States of America.

4.  Further, Pursuant to 28 U.S.C. § 1391(e)(1)(B), venue is proper in this Court as the events giving rise to the suit occurred in the Western District of Texas and the property subject to this suit, a M14NM ("the Rifle") was situated in the Western District.

## FACTS

5.  Plaintiff's father received the Rifle from the Army in the late 1960's or 1970's pursuant to AR920-25.

6.  This item is considered among the most prized possessions of Plaintiff's, and not for market value, but for sentimental value.

7.  When Plaintiff's father received the Rifle, there were no requirements to register it.

8.  Plaintiff's father then gave the Rifle to Plaintiff's brother, who gave it to Plaintiff.

9.  Army Regulation 920-30, issued in 1990, and with approval of the Director of Alcohol and Tobacco Tax Division of the U.S. Treasury, provides that the M14NM just like Plaintiff's Rifle does not require registration, and may be owned by civilians without a special license.

10. At all relevant times, Plaintiff has been licensed by Defendant to manufacture machine-guns and holds an O-7 license with Defendant.

11. When Plaintiff came into possession of the Rifle, he notified Damon Wright, employee of the Defendant, regarding the possession of the Rifle and its legality.

12. Mr. Wright responded to Plaintiff that the Rifle was contraband under 18 U.S.C. 922(o).

13. Plaintiff attempted to register the Firearm with Defendant, who initially approved the registration.

14. After Mr. Wright was informed of the approved registration, the registration was then disapproved.

15. The Rifle was confiscated on September 9, 2021, with no notice or opportunity for a hearing.

16. On September 15, 2021, the Rifle was approved for registration.

17. On March 16, 2022, 188 days after the seizure, Defendant sent Plaintiff a Notice of Seizure of Property and Initiation of Administration Forfeiture Proceedings pursuant to 19 U.S.C. §§ 1602-1619, 18 U.S.C. § 983 and 28 C.F.R. Parts 8 and 9.

18. After unsuccessfully attempting to regain possession of the Rifle, Plaintiff filed this suit on November 21, 2022.

## CAUSE OF ACTION

### COUNT 1. VIOLATION OF THE FEDERAL DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION

19. The allegations set forth above in Paragraphs 1 through 18, inclusive, are incorporated into this cause of action by reference as if set forth in full.

20. At all relevant times, Plaintiff has been the owner of the Rifle, which was initially validly registered with Defendant.

21. On September 9, 2021, the same day Plaintiff filed his application to register the Rifle, Defendant confiscated the Rifle from Plaintiff's possession.

22. 18 U.S.C §983(a)(1)(A)(i) and 28 CFR § 8.9(c)(1) both require Defendant to send written notice to Plaintiff of the intent to seize not later than 60 days after the seizure.

23. Defendant, despite being aware of Plaintiff's personal interest in the rifle, did not notify Plaintiff of the seizure and the intent to start forfeiture proceedings until 188 days after the seizure, more than three times as long as allowed by law.

24. By failing to issue a timely notice to Plaintiff, Defendant failed to comply with the procedural requirements set forth in 18 U.S.C §983 and 28 CFR § 8.9(c)(1).

25. By seizing the Rifle, and subsequently failing to comply with the procedural requirements and timely notify Plaintiff of the seizure, Defendant deprived Plaintiff of his property without due process of law in violation of the Fifth Amendment to the United States Constitution.

## CONCLUSION

WHEREFORE, premises considered, Plaintiff prays this Court find Defendant, failed to comply with 18 U.S.C §983 and 28 CFR § 8.9(c)(1) and vacate the seizure, find that Defendant violated Plaintiff's Due Process and order the return of the Rifle to Plaintiff pursuant to 18 U.S.C. §983(a)(1)(F), grant Plaintiff an award of compensatory damages and grant him an award of attorney's fees, along with any other relief the Court deems equitable and just.

Respectfully submitted,

/s/ Blake Sawyer
**Griffith "Hunter" Thomas II**
State Bar No. 24099403
**Blake Sawyer**
Texas State Bar No. 24113409
Thomas & Sawyer, PLLC
12912 Hill Country Blvd Ste F-233
Austin, Texas 78738
Telephone: (512) 499-4096
Fax: 512-713-0680
hunter@thomaslawtx.com
blake@thomaslawtx.com
**ATTORNEYS FOR PLAINTIFF
WILLIAM E. BIGGS**

## CERTIFICATE OF SERVICE

I certify that on October 25, 2023 a true and correct copy of Plaintiff's Second Amended Complaint was served on the following counsel of record through electronic service:

Landon Wade
Assistant United States Attorney
Texas State Bar No. 24098560
United States Attorney's Office
903 San Jacinto Blvd., Suite 334
Austin, Texas 78701
Tel: 512-916-5858
Fax: 512-916-5854
landon.wade@usdoj.gov

/s Blake Sawyer
Blake Sawyer