IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| WILLIAM BIGGS, | § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:22-cv-01209-ADA-DTG |
| BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES | § § § § | |
| Defendant. | | |

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") files this Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1).

### Background

After a hearing on ATF's motion to dismiss Plaintiff's First Amended Complaint, the Magistrate Judge recommended that ATF's motion be granted and gave Plaintiff fourteen days to file another amended complaint. ECF No. 46. In its motion, ATF argued that Plaintiff's claims (brought pursuant to the Fourteenth Amendment and the Texas Constitution) were barred by sovereign immunity. ECF No. 40.

Plaintiff's Second Amended Complaint suffers from the same defect as his First Amended Complaint: he has not pleaded any waiver of sovereign immunity. Accordingly, his claims should be dismissed for lack of jurisdiction.

1

**Plaintiff's Allegations**

Plaintiff alleges his "Rifle" was confiscated by the ATF on September 9, 2021, after it was determined to be contraband under 18 U.S.C. § 922(o). ECF No. 47 ¶¶ 12-15. Plaintiff claims he was given no notice or opportunity for a hearing. *Id.* ¶ 15. He further alleges that ATF sent him a Notice of Seizure of Property and Initiation of Administration Forfeiture Proceedings 188 days after his firearm had been seized. *Id.* ¶ 17.

In his lone cause of action, Plaintiff brings a due process claim under the Fifth Amendment to the United States Constitution. *Id.* ¶¶ 19-25. He claims that 18 U.S.C. § 983(a) (1)(A)(i) and 28 CFR § 8.9 (c)(1) required ATF to send notice to Plaintiff within 60 days of the forfeiture of his firearm. *Id.* ¶ 22. By failing to comply with the 60-day notice requirement, Plaintiff alleges, ATF violated his Fifth Amendment rights. *Id.* ¶ 25.

**Legal Standard**

Federal courts are courts of limited jurisdiction and lack the power to adjudicate claims absent jurisdiction conferred by the Constitution or a statute. *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). "[T]here is a presumption against subject matter jurisdiction." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). The plaintiff bears the burden of demonstrating jurisdiction in Federal court. *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 534, 537 (5th Cir. 2017). Parties cannot waive jurisdiction. *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir. 1995); Fed. R. Civ. P. 12(h)(3). "Under Rule 12(b)(1), a claim is 'properly dismissed for lack of subject matter jurisdiction when the court lacks statutory or constitutional power to adjudicate' the claim." *In re FEMA Trailer Formaldehyde Prod. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012) (quoting *Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

**Argument**

Plaintiff has not pleaded any waiver of sovereign immunity authorizing the claims he brings against ATF. His suit should therefore be dismissed for lack of subject matter jurisdiction.[1]

Absent a waiver, sovereign immunity protects the federal government and its agencies, such as ATF, from suit. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). It also protects federal employees sued in their official capacity. *See Lewis v. Clarke*, 137 S. Ct. 1285, 1291–92 (2017). The plaintiff has the burden to "affirmatively and distinctly plead jurisdiction in a federal court" and establish that the United States has waived its sovereign immunity. *Ezell v. Dep't of the Army*, No. 5:16-CV-938, 2017 WL 2671091, at *2 (W.D. Tex. Jun. 20, 2017). "Sovereign immunity is jurisdictional in nature. Indeed, the 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Meyer*, 510 U.S. at 475 (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). Thus, "[a] waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996).

Here, Plaintiff again has not identified any statutory text in which Congress has unequivocally waived sovereign immunity and authorized a cause of action predicated on a violation of the due process provisions contained in the Fifth Amendment to the United States Constitution. No such language appears in the statutes and regulations to which Plaintiff cites. *See*

---

[1] Even if Plaintiff's suit were not barred by sovereign immunity, his claims would also be subject to dismissal for failure to state a due process claim. Plaintiff's conclusory allegations that he was provided no notice or hearing on the seizure of his firearm are belied by what actually happened. As explained in Defendant's initial motion to dismiss (ECF No. 15), Plaintiff was given notice of the forfeiture proceedings and provided the opportunity to file a claim to contest the seizure of his firearm. *See* ECF Nos. 15-1, 15-2, 15-3. He elected not to do so. Plaintiff makes no attempt to explain how this process, provided in accordance with 19 U.S.C. §§ 1602-1621, is constitutionally defective.

18 U.S.C. § 983 (containing no language purporting to waive the federal government's sovereign immunity); 28 C.F.R. § 8.9 (same). And the Fifth Amendment's text provides no waiver of sovereign immunity either. *See* U.S. Const. amend. XIV; *Meyer*, 510 U.S. at 476–78; *Garcia v. U.S.*, 666 F.2d 960, 966 (5th Cir. 1982).

## Conclusion

Because Plaintiff has not affirmatively pleaded any express waiver of sovereign immunity, his suit is jurisdictionally barred. Accordingly, the Court should dismiss Plaintiff's claim for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). *See* Fed. R. Civ. P. 12(b)(1).

Dated: November 8, 2023                    Respectfully submitted,

**Jaime Esparza**
United States Attorney

By:   */s/ Landon A. Wade*
**Landon A. Wade**
Assistant United States Attorney
Texas State Bar No. 24098560
U.S. Attorney's Office
903 San Jacinto Blvd., Suite 334
Austin, Texas 78701
(512) 370-1255 (phone)
(512) 916-5854 (fax)
landon.wade@usdoj.gov

***Attorney for Defendant***