IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WILLIAM BIGGS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 6:22-cv-01209-ADA-DTG |
| § | |
| BUREAU OF ALCOHOL, § | |
| TOBACCO, FIREARMS AND § | |
| EXPLOSIVES, ET AL., § | |
| § | |
| Defendant. § | |

**PLAINTIFF'S  RESPONSE TO DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

COMES NOW Plaintiff, by and through his counsel of record, and for his Response to Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. 48) and prays that said Motion be denied in its entirety. In support thereof, Plaintiff states as follows.

**STATEMENT OF FACTS**

This case involves a M14NM ("the Rifle") seized by Defendant. Plaintiff's father received the Rifle from the Army in the late 1960's or 1970's [Dkt.1 ¶ 4(b)]. This item is considered among the most prized possessions of Plaintiff's, and not for market value, but for sentimental value. When Plaintiff's father received the Rifle, there were no requirements to register it. *Id.* Plaintiff's father then gave the Rifle to Plaintiff's brother, who gave it to Plaintiff. *Id*. When Plaintiff came into possession of the Rifle, he notified Damon Wright of the Defendant regarding the possession of the Rifle and its legality.

[Dkt.1 ¶ 4(c)]. Mr. Wright responded to Plaintiff that the Rifle was contraband under 18 U.S.C. 922(o). [Dkt.1 ¶ 4(d)]. Plaintiff attempted to register the Firearm with Defendant, who initially approved the registration. [Dkt.1 ¶ 4(f)]. After Mr. Wright was informed of the approved registration, the registration was then disapproved. *Id*. Plaintiff voluntarily surrendered the Rifle on September 9, 2021. [Dkt.1 ¶ 4(g)]. After unsuccessfully attempting to regain possession of the Rifle, Plaintiff filed this suit on November 21, 2022. [Dkt.1 ¶ 4(h); Dkt 1]. On February 3, 2023, Defendant filed its Motion to Dismiss [Dkt. 15] alleging Plaintiff failed to exhaust his administrative remedies. Plaintiff filed his response on February 4, 2023 [Dkt. 16]. Plaintiff filed his Second Amended Complaint alleging a due process violation pursuant to 5th Amendment of the United States Constitution [Dkt. 39].

## **STANDARD OF REVIEW**

For the purposes of a motion to dismiss, the material allegations of the complaint are taken as admitted. *Walker Process Equipment, Inc. v. Food Machinery Chemical Corp.*, 382 U.S. 172 174-75 (1965). Pursuant to Fed. R. Civ. P. 8(f), the complaint is to be liberally construed in favor of the Plaintiff. "The complaint should not be dismissed unless it appears that appellant could 'prove no set of facts in support of his claim which would entitle him to relief.'" *Jenkins v. McKeithen*, 395 U.S. 411, 422 (1969) citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007). A claim has factual plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly* at 556. The plausibility standard is not akin to that probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*.

## ARGUMENTS AND AUTHORITIES

**A. The District Court Has Jurisdiction to Review Compliance with Procedural Due Process.**

Defendant argues that Plaintiff's Second Amended Complaint should be dismissed because Plaintiff has not identified a waiver of sovereign immunity. Defendant argues that it is immune from suit because administrative proceedings of the subject Rifle have concluded, the District Court is divest of jurisdiction.

In *U.S. V. Schinnell*, 80 F.3d 1064, the 5th Circuit Court of Appeals held that "[o]nce the administrative forfeiture was completed, the district court lacked jurisdiction to review the forfeiture except for failure to comply with procedural requirements or to comport with due process." *Id* at 1069[1]. Plaintiff's only claim in his Second Amended Complaint is alleging that Defendant failed to comport with due process of the 5th Amendment and procedural due process requirements of 18 U.S.C. §983 and 28 C.F.R. § 8.9(c)(1). Defendant now argues that it cannot be sued and is immune through the only

---

[1] Defendant also concedes that the District Court has Jurisdiction to review whether Defendant failed to comply with procedural due process or comport with due process in their Motion to Dismiss Plaintiff's Complaint [Dkt. 15 P. 11].

remedy allowed by statute. Defendant's actions in the case at hand, much like their proposed rule in *VanDerStok v. Garland*, 2023 WL 7403413 " constitutes unlawful agency action in direct contravention of the legislature's will." *Id.* at 1. As such, Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint Should be denied.

## CONCLUSION

WHEREFORE, premises considered, Plaintiff prays this Court deny Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint in its entirety and grant him an award of attorney's fees, along with any other relief the Court deems equitable and just.

Respectfully submitted,

/s/ Blake Sawyer
**Griffith "Hunter" Thomas II**
State Bar No. 24099403
**Blake Sawyer**
Texas State Bar No. 24113409
Thomas Law Firm, PLLC
12912 Hill Country Blvd Ste F-233
Austin, Texas 78738
Telephone: (512) 499-4096
Fax: 512-713-0680
*hunter@thomaslawtx.com*
*blake@thomaslawtx.com*
**ATTORNEYS FOR PLAINTIFF**
**WILLIAM E. BIGGS**

## CERTIFICATE OF SERVICE

I certify that on November 22, 2023 a true and correct copy of Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint was served on the following counsel of record through electronic service:

Landon Wade
Assistant United States Attorney
Texas State Bar No. 24098560
United States Attorney's Office
903 San Jacinto Blvd., Suite 334
Austin, Texas 78701
Tel: 512-916-5858
Fax: 512-916-5854
*landon.wade@usdoj.gov*

                                                      */s Blake Sawyer*
                                                      Blake Sawyer