IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| WILLIAM BIGGS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:22-cv-01209-ADA-DTG |
| | § | |
| BUREAU OF ALCOHOL, | § | |
| TOBACCO, FIREARMS AND | § | |
| EXPLOSIVES, ET AL., | § | |
| | § | |
| Defendants. | | |

### DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") files this Reply in support of its Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 48).

### Introduction

ATF's position is not that Plaintiff cannot bring a due-process challenge related to the seizure of his firearm under any circumstances. Rather, ATF has consistently maintained that Plaintiff must bring his claims through a procedural vehicle that waives the federal government's sovereign immunity. Plaintiff still has not done so.

### Argument

Plaintiff alleges that "[ATF] failed to comport with due process of the 5th Amendment and procedural due process requirements of 18 U.S.C. § 983 and 28 C.F.R. § 8.9(c)(1)." ECF No. 49 at 3. As ATF noted in its motion to dismiss, neither the regulations upon which Plaintiff relies nor the text of the Fifth Amendment contain any language purporting to waive the federal government's sovereign immunity. ECF No. 48 at 3-4. Plaintiff does not contend otherwise. Rather

1

than pointing to a valid waiver of sovereign immunity, Plaintiff analogizes his case to *VanDerStock v. Garland*, 86 F.4th 179 (5th Cir. 2023). ECF No. 49 at 4. That analogy is misplaced.

In *VanDerStok*, the plaintiffs challenged ATF's Final Rule in which the terms "firearm" and "frame or receiver," among others, were given "an updated, more comprehensive definition. *VanDerStok*, 86 F.4th at 182–83. The plaintiffs brought their challenge under the Administrative Procedure Act ("APA"), which allows courts to set aside agency action found to be, among other things, "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." 5 U.S.C. § 706(2)(C). Here, Plaintiff has not pleaded any claim under the APA or any other statute waving the federal government's sovereign immunity.

## Conclusion

Despite being given the opportunity to replead, Plaintiff has still not affirmatively pleaded any express waiver of sovereign immunity granting the Court jurisdiction to hear his claims. Accordingly, the Court should dismiss Plaintiff's suit for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). *See* Fed. R. Civ. P. 12(b)(1).

Dated: December 1, 2023 Respectfully submitted,

        **Jaime Esparza**
        United States Attorney

By:   */s/ Landon A. Wade*
        **Landon A. Wade**
        Assistant United States Attorney
        Texas State Bar No. 24098560
        U.S. Attorney's Office
        903 San Jacinto Blvd., Suite 334
        Austin, Texas 78701
        (512) 370-1255 (phone)
        (512) 916-5854 (fax)
        landon.wade@usdoj.gov

        *Attorneys for Defendant*