IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WILLIAM BIGGS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 6:22-cv-01209-ADA-DTG |
| § | |
| BUREAU OF ALCOHOL, § | |
| TOBACCO, FIREARMS AND § | |
| EXPLOSIVES, § | |
| § | |
| Defendant. § | |

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW Plaintiff, by and through his counsel of record and, pursuant to Rule 56 of the Federal Rules of Civil Procedure, files his Motion for Summary Judgment. In support thereof, Plaintiff states as follows.

**FACTS**

1. Plaintiff's father received the Rifle from the Army in the late 1960's or 1970's. See Affidavit of Plaintiff attached hereto as "Exhibit A".

2. This item is considered among the most prized possessions of Plaintiff's, and not for market value, but for sentimental value.

3. When Plaintiff's father received the Rifle, there were no requirements to register it.

4. Plaintiff's father then gave the Rifle to Plaintiff's brother, who gave it to Plaintiff. Exhibit "A".

5. Army Regulation 920-30, issued in 1990, and with approval of the Director of Alcohol and Tobacco Tax Division of the U.S. Treasury, provides that the M14NM just like Plaintiff's Rifle does not require registration, and may be owned by civilians without a special license.

6. Plaintiff is licensed by Defendant to manufacture machine-guns and holds an 0-7 license with Defendant. Exhibit "A".

7. When Plaintiff came into possession of the Rifle, he notified Damon Wright, employee of the Defendant regarding the possession of the Rifle and its legality. See email attached hereto as "Exhibit B".

8. Defendant responded that the Rifle was contraband under 18 U.S.C. 922(o). See email attached hereto a "Exhibit C".

9. Plaintiff attempted to register the Firearm with Defendant, who initially approved the registration on September 15, 2021. See registration approval attached hereto as "Exhibit D".

10. After Mr. Wright was informed of the approved registration, the registration was then disapproved. See denial attached hereto as "Exhibit E".

11. the Rifle was confiscated on September 9, 2021, with no notice or opportunity for a hearing. See "Exhibit A".

12. On March 16, 2022, 188 days after the seizure, Defendant sent Plaintiff Notice of Seizure of Property and Initiation of Administration Forfeiture Proceedings

pursuant to 19 U.S.C. §§ 1602-1619, 18 U.S.C. § 983 and 28 C.F.R. Parts 8 and 9. See Notice attached hereto as "Exhibit F".

13.  After unsuccessfully attempting to regain possession of the Rifle, Plaintiff filed this suit on November 21, 2022.

## ARGUMENTS AND AUTHORITIES

### A. Summary Judgment Standard.

When considering a Motion for Summary Judgment, "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).In reviewing a Motion for Summary Judgment " court must view the evidence 'in the light most favorable to the opposing party.'" *Tolan v. Cotton*, 572 U.S. 650, 657 citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144,157.  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S.242, 248.

### B. Defendant Failed to Comply With 18 U.S.C §983.

On March 16, 2022, Defendant sent Plaintiff a Notice of Seizure of Property and Initiation of Administrative Forfeiture Proceedings [Exhibit B]. In said Notice, Defendant informed Plaintiff it was invoking its Forfeiture Authority pursuant to 18 U.S.C. § 983 among others.

18 U.S.C. § 983(a)(1)(A)(i) provides in applicable part:

> Except as provided in clauses (ii) through (v), in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute, with respect to which the Government is required to send written notice to interested parties, such notice shall be sent in a manner to achieve proper notice as soon as practicable, and in no case more than 60 days after the date of the seizure.

Defendant seized Plaintiff's rifle on September 9, 2021 [Exh. A][Declaration of Administrative Forfeiture attached hereto as "Exhibit C"]. Defendant failed to notify Plaintiff for 188 days after the seizure, in violation of 18 U.S. § 983(a)(1)(A)(i).

### C. Defendant Should be Compelled to Return Plaintiffs' Rifle.

18 U.S. § 983 (a)(1)(F) controls the return of seized property and states:

> If the Government does not send notice of a seizure of property in accordance with subparagraph (A) to the person from whom the property was seized, and no extension of time is granted, the Government shall return the property to that person without prejudice to the right of the Government to commence a forfeiture proceeding at a later time. The Government shall not be required to return contraband or other property that the person from whom the property was seized may not legally possess.

Defendant has consistently contended that the confiscation of Plaintiff's Rifle was necessary because it was contraband pursuant to   which  made it "unlawful for any person to transfer or a possess a machinegun", subject to limited exceptions.  However, the M14NM, just like the Rifle at the center of the case at hand, has long been considered not to be a machinegun.

District Courts have held that "[t]here is no serious contention that the NM – the defendant – is an automatic. It simply will not as it exists fire more than one shot per

trigger pull, without reloading manually." *United States of America v. One (1) U.S. (TRW) 7.62MM M-14 NATIONAL MATCH RIFLE, SERIAL NO. 1453711, Defendant. Robert E. Sauerman, Party in Interest*. 1980 WL 95647 (S.D. Ohio, 1980) (not reported).  In reaching the decision, the Court further held that "it is clear on this record that the NM was designed to shoot *only* in a semi-automatic fashion and that both the United States and the manufacturer intended that it would be permanently impossible for it to operate in an automatic manner and that such is the case." emphasis added by the Court. *Id*.

The United States argued in *Sauerman* that the M14NM was readily restorable, as is the argument in the case at hand. The United States took an M14 and did three of the weldments and argued that it was a relatively simple task for someone knowledgeable with guns to remove the welds and, with the use of a paper clip, fire the gun automatically. The Court held:

> "[it] cannot determine on this record what it would take to convert the defendant or any other NM to a machine gun. There is no evidence on it. Since the United States claims the conversion is one readily made and has the burden, at least initially, on that issue the Court must find to the contrary (there being no proof). Accordingly, it is found and concluded that the defendant cannot be *readily* restored or converted to a fully automatic weapon." (emphasis added by the Court).

*Id*. at page 3.

In 1990, the Army, relying on The Director of Alcohol and Tobacco Tax Division of the U.S. Treasury Department's opinion, further cemented the position that the M14NM is not a machine gun when it released Army Regulation 920-30, which states in part.

> . . . The M14NM is the M14M refined to effect match target quality. The foregoing 5-point weldment will render the rifle incapable of full automatic fire

> since the selector may no longer be assemble thereto. The Director of Alcohol and Tobacco Tax Division of the U.S. Treasury Department has ruled that an M14 rifle, so modified, will not be a firearm as defined in section 5848 (1) and (2) of the Internal Revenue Code **and may be issued to civilians without a special license**."

*Id*. at 4-14(b); Dkt. 1-13 at b. Even after the 1986 *Hughes* amendment, the U.S. Army, relying on the Defendant's predecessor's own opinion that the M14NM, the Rifle in this case, was not a machinegun and required no special license to own. As Justice Holmes writes in *McBoyle v. U.S.*, 51 S. Ct. 340, 341 (1931), ". . . it is reasonable that a fair warning should be given to the world in language that the common world will understand, of what the law intends to do if a certain line is passed." There is no fair warning in the case at hand by the 1968 or 1986 Amendments that Plaintiff or any other owner of a M14Nm, is an owner of a machinegun, there is no warning at all. The only unambiguous law and regulations that address the M14NM unequivocally hold that it is not a machinegun, and legal to own without a special license.

Defendant's actions in the case are an attempt to self-legislate seizing lawful property at Defendant's desire.

> "It has long been said—correctly—that the law is the expression of legislative will. As such, the best evidence of the legislature's intent is the carefully chosen words placed purposefully into the text of a statute by our duly-elected representatives. Critically, then, law-making power—the ability to transform policy into real-world obligations—lies solely with the legislative branch. Where an executive agency engages in what is, for all intents and purposes, "law-making," the legislature is deprived of its primary function under our Constitution, and our citizens are robbed of their right to fair representation in government. This is especially true when the executive rule-turned-law criminalizes conduct without the say of the people who are subject to its penalties.

*Vanderstock v. Garland*, No. 23-10718 (5th Cir. Ct. App., 2023). The Rifle was acquired by plaintiff's Biggs' father in the 1960s while a member of the US Army (Exhibit A). The Rifle was

given to Plaintiff's Father pursuant to AR920-25, which states that the army consulted with The Director of Alcohol and Tobacco Tax Division of the U.S. Treasury Department, the forerunner of ATF and got a determination that a M14NM would not be a "firearm as defined in section 5848"…and may be sold or issued to civilians. Thus, at the time of acquisition, and until confiscated by ATF, the M14NM was legal to own. It took ATF months to come to an arbitrary decision that the M14NM is now "contraband." Defendant's actions in this case is an attempt to expand 18 U.S.C § 922(o)(1), much like their proposed rule in *Vanderstock*. However, "[b]ecause Congress has neither authorized the expansion of firearm regulation nor permitted the criminalization of previously lawful conduct, the proposed rule constitutes unlawful agency action, in direct contravention of the legislature's will." *Id.* Defendant's actions in this case seek to accomplish the very goal as their rule in *Vanderstock*, penalize previously lawful conduct. Because Congress has neither authorized the expansion of firearm regulation nor permitted Defendant's actions, Defendant's actions constitute unlawful agency action, in direct contravention of the legislature's will, as such Plaintiff's Motion for Summary Judgment should be granted.

## CONCLUSION

WHEREFORE, premises considered, Plaintiff prays this Court grant his Motion for Summary Judgment and declare Defendant failed to comply with 18 U.S.C §983, find Defendant violated Plaintiff's Due Process, order the return of the Rifle to Plaintiff

pursuant to 18 U.S.C.(a)(1)(F), grant Plaintiff an award of compensatory damages and upon judgment, allow Plaintiff to file an application for attorney's fees and costs pursuant to Fed. R. Civ. P. 54(d)(2), along with any other relief the Court deems equitable and just.

        Respectfully submitted,

        /s/ Blake Sawyer
        **Griffith "Hunter" Thomas II**
        State Bar No. 24099403
        **Blake Sawyer**
        Texas State Bar No. 24113409
        Thomas Law Firm, PLLC
        12912 Hill Country Blvd Ste F-233
        Austin, Texas 78738
        Telephone: (512) 499-4096
        Fax: (512) 713-0680
        *hunter@thomaslawtx.com*
        *blake@thomaslawtx.com*
        **ATTORNEYS FOR PLAINTIFF WILLIAM E. BIGGS**

## CERTIFICATE OF SERVICE

I certify that on March 14, 2024 a true and correct copy of Plaintiff's Motion for Summary Judgment was served on the following counsel of record through electronic service:

    Landon Wade
    Assistant United States Attorney

Texas State Bar No. 24098560
United States Attorney's Office
903 San Jacinto Blvd., Suite 334
Austin, Texas 78701
Tel: 512-916-5858
Fax: 512-916-5854
*landon.wade@usdoj.gov*

*/s Blake Sawyer*
Blake Sawyer
