IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| WILLIAM BIGGS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:22-cv-01209-ADA-DTG |
| | § | |
| BUREAU OF ALCOHOL, | § | |
| TOBACCO, FIREARMS AND | § | |
| EXPLOSIVES, | § | |
| | § | |
| Defendant. | | |

### DEFENDANT'S RESPONE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Defendant Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") files this Response in Opposition to Plaintiff's Motion for Summary Judgment (ECF No. 52).

### Response

Plaintiff's motion for summary judgment should be denied for two reasons. First, consideration of any motion for summary judgment is premature at this stage. ATF has not yet filed an answer to Plaintiff's live complaint, and neither party has propounded any discovery requests while the Court considers ATF's threshold defense of sovereign immunity. Second, even if the Court were to consider Plaintiff's motion, Plaintiff has failed to meet his burden on summary judgment. Plaintiff's motion attempts to raise fact issues rather than negate their existence. Accordingly, summary judgment cannot be granted, especially since any fact issues the Court would need to evaluate have not been borne out in discovery.

I.     **Consideration of Plaintiff's motion is premature at this stage.**

Consideration of Plaintiff's motion for summary judgment would be premature at this stage. ATF has not yet filed an answer to Plaintiff's live complaint, as its motion to dismiss based on sovereign immunity (ECF No. 48) remains pending. As such, the parties have not yet begun discovery.

Although Plaintiff's motion is not untimely according to Federal Rule of Civil Procedure 56, ATF submits that any motion for summary judgment should be considered: (1) only if ATF's motion to dismiss is denied; and (2) in the event ATF's motion to dismiss is denied, after an appropriate time to conduct discovery so that the Court can base its ruling on evidence submitted by the parties. *See Worksteps, Inc. v. Progressive Health Rehab., Inc.*, No. A-14-CV-0601-LY-ML, 2016 WL 297747, at *1-2 (W.D. Tex. Jan. 22, 2016) (explaining further discovery was necessary before any "meaningful consideration" of an "exceptionally early" motion for summary judgment filed before any substantial discovery). The Court should decline to consider Plaintiff's motion for summary judgment under these circumstances.[1] This is especially so considering ATF's motion to dismiss is based on sovereign immunity, which renders it immune from suit entirely. *See Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). ATF submits that discovery is appropriate only if its motion is ultimately denied. *See O'Brien v. United States*, No. 4:20-CV-477-SDJ, 2020 WL 13453355, at *2 (E.D. Tex. Nov. 12, 2020) (granting the Government's motion to stay discovery pending the court's ruling on the Government's motion to dismiss based on sovereign immunity).

---

[1] ATF makes no motion under Rule 56(d) because no discovery is necessary in this case. ATF maintains this case is barred by sovereign immunity. *See generally* ECF No. 48.

II. **Plaintiff has not met his burden on summary judgment.**

Even if the Court were to consider Plaintiff's motion, Plaintiff has not his burden on summary judgment.

Plaintiff's sole claim is a Fifth Amendment due process claim. *See* ECF No. 47 ¶¶ 19-25. As noted in ATF's motion to dismiss, neither the text of the Fifth Amendment nor the statutes or regulations upon which Plaintiff relies to support his due process claim contain language that purports to waive the federal government's sovereign immunity. *See* ECF No. 48 at 3-4. Even assuming Plaintiff had pleaded a valid waiver of immunity, his argument *raises*—rather than resolves—a fact issue that cannot be resolved at this stage: whether Plaintiff's firearm is a machinegun and, consequently, illegal contraband. Plaintiff argues that 18 U.S.C. § 983(a)(1)(F) compels the return of his firearm because ATF allegedly did not meet the procedural requirements outlined in the statute. ECF No. 52 at 4. But that provision also explains that "[t]he Government shall not be required to return contraband or other property that the person from whom the property was seized may not legally possess." 18 U.S.C. § 983(a)(1)(F).

Thus, Plaintiff's motion raises the following fact issue: whether Plaintiff's firearm is a machinegun and therefore illegal to possess. To support his contention that his firearm is *not* a machinegun, Plaintiff points only to *Sauerman*—an out-of-circuit district court case from Ohio decided 44 years ago on a different evidentiary record than would be developed in this case. *See United States v. One (1) U.S. (TRW) 7.62mm M-14 Nat. Match Rifle, Serial No. 1453711*, No. C-3-78-125, 1980 WL 95647 (S.D. Ohio May 20, 1980) (referred to in this Response as "*Sauerman*"). That court's holding was confined to the record before it and, in any event, is not binding on this Court. Accordingly, even assuming Plaintiff's suit was not barred by sovereign immunity, he has fallen well short of this burden at this preliminary stage to show that "there is no genuine dispute

of any material fact and [he] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## Conclusion

Plaintiff's motion for summary judgment should be denied because ATF's threshold immunity defense remains pending and therefore no discovery has been conducted. And to the extent Plaintiff's motion could be properly considered, Plaintiff fails to establish he is entitled to judgment as a matter of law.

Dated: March 28, 2024                    Respectfully submitted,

**Jaime Esparza**
United States Attorney

By:   */s/ Landon A. Wade*
**Landon A. Wade**
Assistant United States Attorney
Texas State Bar No. 24098560
U.S. Attorney's Office
903 San Jacinto Blvd., Suite 334
Austin, Texas 78701
(512) 370-1255 (phone)
(512) 916-5854 (fax)
landon.wade@usdoj.gov

***Attorneys for Defendant***